IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
APR 16 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:14-MJ-186 |
| ) | |
| EDDIE CISNEROS, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your Affiant, Theodore C. Nelson, being duly sworn, hereby deposes and states as follows:

1. I am a Special Agent of the Diplomatic Security Service (DSS), U.S. Department of State, assigned to the Special Investigations Division in Arlington, VA. I have been employed as a Special Agent with DSS since 2011. Prior employment includes serving as a Police Officer in the County of Prince William, Virginia, and Sergeant in the Stafford Sheriff's Office in Stafford, Virginia. I have a total of 12 years in Law Enforcement. As an investigator with the Special Investigations Division and law enforcement officer, I have worked a diverse array of crimes including investigations of death, sexual assault, rape, child physical abuse, child sexual abuse, and missing persons. My current duties include investigating crimes committed by or against State Department employees and families, as well as crimes committed by or against U.S. Government personnel assigned to diplomatic and consular missions abroad. I have received specialized training at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA, Diplomatic Security Training Center (DSTC) in Dunn Loring, VA, Prince William Police Academy, and Rappahannock Criminal Justice Academy. I am familiar with the duties and responsibilities of conducting investigations under Title 18 of the United States Code.

1

2. This affidavit is submitted in support of a criminal complaint and arrest warrant for Eddie Cisneros, for a violation of 18 USC § 2243(a), Sexual Abuse of a Minor. This affidavit is based on information provided to me by other law enforcement agents. I have not included every fact known to me in this investigation, but only those facts I believe are necessary to establish probable cause to believe that Cisneros committed a violation of 18 USC § 2243(a).

## LEGAL AUTHORITY

3. 18 USC § 2243(a), in pertinent part, punishes whoever, in the special maritime and territorial jurisdiction of the United States, knowingly engages in a sexual act with a minor.

4. 18 USC § 7, in pertinent part, provides that the Special Maritime and Territorial Jurisdiction of the United States includes (A) the premises of United States diplomatic, consular, military or other United Stated Government missions or entities in foreign states, including the buildings, parts of buildings, and land appurtenant or ancillary thereto, or used for purposes of those missions or entities, irrespective of ownership; and (B) residences in foreign states and the land appurtenant or ancillary thereto, irrespective of ownership, used for purposes of those missions or entities by United States personnel assigned to those missions or entities.

## BACKGROUND OF THE INVESTIGATION

5. On or about May 8, 2013, Special Agent Star HY was advised by U.S. Embassy Kathmandu Regional Security Officer (RSO) Colin Bucknor, that Eddie Cisneros ("Cisneros") was physically abusing his twelve-year-old daughter, L.C. L.C. had reported to a school counselor that she and her older sister C.C. had been physically abused by her father, Cisneros. At the time of the alleged assault, Cisneros was a U.S. Foreign Service Specialist assigned to U.S. Embassy Kathmandu, Nepal. Cisneros returned to the United States on May 10, 2013, with his wife, and three children via Dulles International Airport in Sterling, VA. Cisneros currently

resides in Alexandria, Virginia. While investigating L.C.'s allegations of abuse, Agent HY discovered that in 2009, all three of Cisneros's daughters were removed from their home in Las Vegas, Nevada, and placed into a foster home due to allegations of physical abuse against Cisneros concerning then twelve-year old C.C.

6. On February 24, 2014, a referral was made to Fairfax County Child Protective Services by Edison High School regarding an allegation of sexual abuse against Cisneros by his oldest daughter C.C. On April 2, 2014, C.C. was interviewed and disclosed that her father had been sexually abusing her since she was at least eight-years old. C.C. stated the abuse began with Cisneros touching her breasts and private areas and escalated over the years to forced oral sex and vaginal-penile intercourse. C.C. recalled the abuse happened in State Department Housing while the family was living abroad, and described sexually explicit acts that occurred in Croatia and Nepal beginning when C.C. was under the age of sixteen.

7. On April 10, 2014, Detective Ryan Lazisky, Fairfax County Police Department, conducted a voluntary interview with Cisneros at the Fairfax County Police Department. Cisneros stated he had engaged in sexual intercourse and oral sex with C.C. while assigned to Nepal. Cisneros stated C.C. performed oral sex on him on two occasions and that he penetrated her vagina with his penis on one occasion. All this occurred while he was employed by the U.S. Department of State, and under Chief of Mission Authority and in U.S. Government provided housing.

8. On April 12, 2014, Cisneros was interviewed by Special Agents Theodore Nelson and Ashley Bynum, Department of State, Special Investigations Division. Cisneros stated he engaged in sexual activity with his step daughter, C.C., in Chief of Mission housing, while assigned to Zagreb, Croatia from May 2010 to July 2012. Cisneros stated C.C. and he engaged

in heavy sexual petting several times a month. Cisneros described heavy petting as touching or caressing C.C. in the vaginal area, touching and/ or sucking her breasts, and placing his penis against her pubic area. Cisneros also confirmed that while assigned to Kathmandu, Nepal from July 2012 through March 2013, he engaged in sexual acts with C.C. in Chief of Mission Housing. Cisneros stated the sexual acts consisted of vaginal sexual intercourse, oral sex, and masturbation.

## CONCLUSION

9. Based on the foregoing, Your Affiant has probable cause to believe that Eddie Cisneros did sexually abuse a minor within the Special Maritime and Territorial Jurisdiction of the United States, to wit, that he touched the breasts and vagina, and engaged in oral copulation and sexual intercourse with C.C., a minor, while in U.S. Embassy Housing in Zagreb, Croatia, and Kathmandu, Nepal between May 2010 through March 2013. Therefore, Your Affiant respectfully requests that this court issue a criminal complaint for Eddie Cisneros for the charge of Sexual Abuse of a Minor in violation of Title 18 U.S.C. § 2243(a).

10. Venue is proper in the Eastern District of Virginia pursuant Title 18 U.S.C. § 3238, which states that trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender is arrested, first brought, or is last known to reside. The defendant arrived from his assignment in Nepal to Dulles International Airport, which is within the Eastern District of Virginia, and he currently resides in Alexandria, Virginia which is also within the Eastern District of Virginia.

Respectfully submitted,

*[signature]*
Theodore C. Nelson
Special Agent
Diplomatic Security Service
U.S. Department of State

SUBSCRIBED TO AND SWORN BEFORE ME
THIS __14th__ DAY OF APRIL, 2014

/s/Thomas Rawles Jones, Jr.
―――――――――――――――――――
The Honorable T. Rawles Jones, Jr.
United States Magistrate Judge
Alexandria, Virginia